# 12-4565-cv

## United States Court of Appeals

*for the*

## Second Circuit

RAMONA DEJESUS,

*Plaintiff-Appellant,*

– v. –

HF MANAGEMENT SERVICES, LLC AKA Health First,

*Defendant-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE

LEVINE LEE LLP
570 Lexington Avenue
New York, New York 10022
(212) 223-4400

– and –

LITTLER MENDELSON P.C.
900 Third Avenue
New York, New York 10022
(212) 583-9600

*Attorneys for Defendant-Appellee*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee

HF Management Services, LLC certifies that it has no parent corporation; nor

does any publicly held corporation own more than 10% of its stock.

# TABLE OF CONTENTS

**PAGE**

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................3

STATEMENT OF THE CASE...............................................................3

STATEMENT OF FACTS ................................................................4

SUMMARY OF THE ARGUMENT ......................................................7

STANDARD OF REVIEW ................................................................10

ARGUMENT ............................................................................11

I.   THE DISTRICT COURT CORRECTLY HELD THAT THE COMPLAINT DOES
     NOT CONTAIN ANY NON-CONCLUSORY ALLEGATIONS CONCERNING
     DEJESUS'S EMPLOYMENT STATUS ..................................................13

     A.   The FLSA Requires Statement of an Employment
          Relationship to Maintain a Claim for Overtime Payment .................14

     B.   Dejesus Fails to Plausibly Allege Her Employment  Status as
          Required by the FLSA..............................................................16

II.  THE DISTRICT COURT CORRECTLY HELD THAT THE COMPLAINT
     FAILED TO PLAUSIBLY ALLEGE THAT DEJESUS ACTUALLY WORKED
     OVERTIME ...........................................................................19

     A.   The Complaint's "Sole Allegation" Relating to Overtime
          Worked Merely Tracks the Statutory Language and  Therefore
          Does Not Suffice to State a Plausible FLSA Claim...........................21

     B.   The District Court Correctly Held that Dejesus Must Provide
          Some Approximation of the Amount of Overtime Worked to
          State a Plausible FLSA Claim...................................................24

CONCLUSION..............................................................................30

# TABLE OF AUTHORITIES

**PAGE(S)**

<u>**CASES**</u>

*Anderson v. Mt. Clemens Pottery Co.*,
  328 U.S. 680 (1946), *superseded by statute on other grounds* ...................24, 27

*Arar v. Ashcroft*,
  585 F.3d 559 (2d Cir. 2009) ...............................................................21

*Arista Records LLC v. Doe 3*,
  604 F.3d 110 (2d Cir. 2010) ...............................................................29

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................*passim*

*Barfield v. New York City Health & Hosp. Corp.*,
  537 F.3d 132 (2d Cir. 2008) ......................................................14, 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................*passim*

*Benshoff v. City of Virginia Beach*,
  180 F.3d 136 (4th Cir. 1999) ....................................................14, 15

*Boykin v. KeyCorp*,
  521 F.3d 202 (2d Cir. 2008) ...............................................................29

*Christopher v. SmithKline Beecham Corp.*,
  132 S. Ct. 2156 (2012)......................................................................14

*Conn. Nat. Bank v. Fluor Corp.*,
  808 F.2d 957 (2d Cir. 1987) .................................................................2

*DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*,
  770 F. Supp. 2d 497 (E.D.N.Y. 2011).......................................*passim*

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
  822 F.2d 1242 (2d Cir. 1987) ...............................................................2

*Fowler v. UPMC*,
  578 F.3d 203 (3d Cir. 2009) ......................................................................26, 27

*Hosking v. New World Mortg., Inc.*,
  602 F. Supp. 2d 441 (E.D.N.Y. 2009) .............................................................20

*James v. Countrywide Fin. Corp.*,
  849 F. Supp. 2d 296 (E.D.N.Y. 2012) .............................................................19

*Kuebel v. Black & Decker Inc.*,
  643 F.3d 352, 362 (2d Cir. 2011) ..............................................................25, 28

*Mortimer Off Shore Serv., Ltd. v. Fed. Republic of Germany*,
  615 F.3d 97 (2d Cir. 2010) .............................................................................10

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*,
  Nos. 10 Civ. 2661 (PAC), *et al.*,
  2011 WL 321186 (S.D.N.Y. Jan. 28, 2011) ................................................18, 19

*Pruell v. Caritas* Christi,
  No. 09-11-4466-GAO, 2010 WL 3789318 (D. Mass. Sept. 27, 2010) .............28

*Pruell v. Caritas Christi*,
  678 F.3d 10 (1st Cir. 2012)....................................................................18, 20, 23

*Rance v. Rocksolid Granit USA, Inc.*,
  No. 08-10193, 2008 WL 2751291 (11th Cir. Jul. 16, 2008) .......................20, 25

*Schwab v. Smalls*,
  425 Fed. App'x 37 (2d Cir. 2011) ...................................................................26

*Slayton v. Am. Express Co.*,
  460 F.3d 215 (2d Cir. 2006) ..............................................................................2

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002).....................................................................................26, 27

*Williams v. Skyline Auto. Inc.*,
  No. 11 Civ. 4123(SAS), 2011 WL 5529820 (S.D.N.Y. Nov. 14, 2011) ...........20

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
  853 F. Supp. 2d 290, 304 (E.D.N.Y. 2012).....................................................19

iv

*Zhong v. August August Corp.*,
  498 F. Supp. 2d 625 (S.D.N.Y. 2007) ........................................................14, 20

## STATUTES

28 U.S.C. § 1331 ........................................................................................1

28 U.S.C. § 1367 ........................................................................................1

28 U.S.C. § 1291 ........................................................................................2

29 U.S.C. § 207(a)(1) ....................................................................8, 14, 16, 22

## RULES

Fed. R. Civ. P. 8 ........................................................................................4

Defendant-Appellee HF Management Services, LLC ("Healthfirst") respectfully submits this brief in opposition to Plaintiff-Appellant Ramona Dejesus's ("Appellant" or "Dejesus") appeal of the District Court's decision granting Healthfirst's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## JURISDICTIONAL STATEMENT

Dejesus filed suit on March 15, 2012, in the United States District Court for the Eastern District of New York, alleging a claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and several New York Labor Law ("NYLL") claims.  Dejesus invoked the District Court's jurisdiction over her FLSA claim pursuant to 28 U.S.C. § 1331 and over the state law claims under 28 U.S.C. § 1367.  (A5-8.)[1]

On October 23, 2012, the District Court issued an Order granting Healthfirst's motion to dismiss the FLSA claim without prejudice and with leave to replead within 30 days.  (A18.)  The District Court declined to exercise jurisdiction over the remaining state law claims.  (*Id.*)  Dejesus chose not to replead and instead filed a Notice of Appeal on November 11, 2012.  (A4.)

---

[1] Citations to "A" are to the Appellant's Appendix filed in this appeal on January 3, 2013 [ECF No. 32].

While an order dismissing a complaint with leave to amend is non-final and therefore not appealable, "an appellant can render such a non-final order 'final' and appealable by disclaiming any intent to amend." *Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006); *see also DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (appeal of "an order dismissing a complaint with leave to amend" permitted only where appellant "declared his intention to stand on the allegations of his complaint" and conceded "that an affirmance of the district court's order of dismissal would be dispositive and final"); *Conn. Nat. Bank v. Fluor Corp.*, 808 F.2d 957, 961 (2d Cir. 1987) (stating that a party seeking to appeal an order dismissing a complaint with leave to amend should "include[] in the record on appeal a written disclaimer of intent to amend, thus obviating a possible summary dismissal of the appeal with costs").

Here, Dejesus chose to render the District Court's non-final order "final" by disclaiming any intent to amend her Complaint, stating in her Brief ("App. Br.") that she "will not seek to replead the FLSA overtime claim if she loses this appeal—her FLSA claim will 'live or die' based on the allegations of the complaint." (App. Br. at 1.) Because Dejesus's disclaimer converted the District Court's dismissal of her FLSA claim into a final judgment on the merits, this Court has appellate jurisdiction under 28 U.S.C. § 1291. *See, e.g., DiVittorio*, 822 F.2d at 1246-47.

2

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

Whether the District Court correctly dismissed Dejesus's boilerplate Complaint, which merely tracks the statutory language and contains no factual content, upon finding it "lacks the minimal allegations necessary to state a claim for unpaid overtime under the FLSA"?  (A15.)

## STATEMENT OF THE CASE

Dejesus purports to allege an entitlement to overtime pay under the FLSA, yet she conspicuously refuses to state her employment status or any approximation of the number of overtime hours worked—the bare minimum required to plausibly allege an FLSA overtime violation.  Devoid of the necessary factual content, the District Court (Korman, J.) correctly dismissed the FLSA claim, insisting that Dejesus make at least a "minimal" factual showing.  (A15-16.)  It is indisputable that, had Dejesus actually worked compensable overtime, recitation of this most basic factual information would have taken all of a few minutes, and certainly avoided all the attendant costs of an appeal.  Because Dejesus refuses to plead this bare factual showing, this Court should affirm the District Court's holding that the Complaint, comprised only of conclusory assertions tracking the relevant statutory language, "lacks the minimal allegations necessary to state a claim for unpaid overtime under the FLSA."  (A15.)

The burden imposed by the District Court is far from onerous, requiring a plaintiff to allege only the most fundamental factual details about her employment based on personal recollection. Specifically, the District Court called on Dejesus to: (i) identify the position she held at Healthfirst; (ii) provide some factual detail concerning her duties at Healthfirst; and (iii) provide an approximation of the number of overtime hours or the amount of overtime wages due to properly allege that she was owed unpaid overtime. (A15.)

Under the guise of a "rare appeal," Dejesus chose not to amend her Complaint, conceding that she cannot in good faith offer any factual support for her FLSA overtime claim. (App. Br. at 3.) Dejesus's supposed "compelling" reasons for opting not to replead have no relevance to the instant appeal because none excuse her failure to state a plausible claim pursuant to Federal Rule of Civil Procedure 8(a)(2)—a burden she has simply not met. (*Id.* at 1.) Accordingly, and for the reasons set forth below, this Court should affirm the District Court's dismissal of the Complaint.

## STATEMENT OF FACTS

**A.** *Healthfirst*

Healthfirst is a management services company responsible for the administration of a not-for-profit, managed-care organization that provides Medicare Advantage plans to beneficiaries under a contract with the Centers for

4

Medicare and Medicaid Services, the Federal agency that administers and regulates Medicare.  Founded in 1993, Healthfirst is managed by some of the most prestigious hospitals and medical centers in New York.  Its mission is to provide affordable quality care for the communities it serves.

**B.    *The Complaint***

The Complaint asserts four claims against Healthfirst.  Counts One and Two purport to allege that Healthfirst did not pay Dejesus overtime compensation in violation of the FLSA and the NYLL, respectively.  Counts Three and Four purport to allege that Healthfirst breached Dejesus's employment contract and violated the NYLL by not paying her all the sales commissions that she was allegedly due.

As noted above, the Complaint contains virtually no detail concerning Dejesus's employment at Healthfirst: it does not identify her position; does not describe her duties and responsibilities; and does not specify any overtime that Dejesus actually worked.  Instead, the Complaint asserts only that "[Healthfirst] employed [Dejesus] to promote insurance programs to the public and to recruit members of the public to join those insurance programs" (A7 ¶ 19), and that "[Dejesus] worked more than forty (40) hours in a week for [Healthfirst] in some or all weeks" (A8 ¶ 24).

5

## C.    *The Proceedings Below*

Healthfirst moved below to dismiss Dejesus's FLSA claim on two grounds. *First*, Healthfirst contended that Dejesus was exempt from the FLSA's overtime requirements as an "outside salesperson" because her Complaint alleged that she was "similarly-situated" to the putative class of former Healthfirst employees that filed an action against Healthfirst styled *Alburquerque v. Healthfirst, Inc.*, Civ. No. 11-2634 (FB) (E.D.N.Y. 2011) ("*Alburquerque*").  Because the *Alburquerque* complaint was dismissed on consent with prejudice following plaintiffs' counsel's open-court concession that Healthfirst's Medicare marketing representatives are exempt from the FLSA's overtime requirements as outside salespersons, Healthfirst argued below that Dejesus was similarly bound based on her adoption of the *Alburquerque* complaint.  *Second*, Healthfirst contended that Dejesus failed to allege the necessary factual foundation to plead a plausible FLSA claim because the Complaint, *inter alia*, fails to identify what position Dejesus held and fails to approximate the number of overtime hours allegedly worked.

The District Court granted Healthfirst's motion to dismiss on the latter ground, finding that the Complaint failed to plead both the employment and overtime elements of an FLSA claim because: (1) it does not set forth the "precise" position Dejesus held, but "gives only a vague description of her duties as a 'promoter' for Healthfirst"; and (2) it fails to contain "any approximation of

the number of unpaid overtime hours worked, [Dejesus's] rate of pay, or any approximation of the amount of wages due." (A15.) The District Court also found that Dejesus was not bound by the allegations contained in the *Alburquerque* complaint and, as a result, the affirmative defense of exemption pleaded by Healthfirst does not appear on the face of the Complaint as a matter of law. (A16-18.)

As it is clear that an FLSA overtime claim cannot be pleaded without a plausible statement of Dejesus's employment status and an approximation of overtime hours worked, the District Court dismissed the Complaint without prejudice. In addition, the District Court *sua sponte* granted Dejesus leave to replead within 30 days to correct the Complaint's defects. (A15, 18.) Upon dismissal of the FLSA claim, the District Court declined jurisdiction over the remaining state law claims. (A17.)

## SUMMARY OF THE ARGUMENT

While Dejesus claims entitlement to unpaid overtime, she refuses to plausibly plead the essential elements of an FLSA claim: (i) that she was an employee eligible for overtime pay; and (ii) that she actually worked overtime without proper compensation. (A14.) Accordingly, the District Court dismissed Dejesus's boilerplate Complaint, which does little more than track the relevant

statutory language, upon finding it "lacks the minimal allegations necessary to state a claim for unpaid overtime under the FLSA." (A15.)

Instead of amending her Complaint to allege these fundamental factual details, Dejesus opted to file the instant appeal on the ground that her FLSA claim is somehow exempt from Rule 8's minimum pleading requirements. Dejesus is incorrect. Quite simply, neither the Court nor Healthfirst should be required to expend resources on Dejesus's claim to overtime pay where she refuses even to allege the position she held or any approximation of the number of unpaid overtime hours supposedly worked. (A14.)

***The Employment Element***

A threshold element of an FLSA overtime claim is statement of an employee's position to establish eligibility for overtime pay. Conspicuously, Dejesus fails even to plausibly allege this most basic element. As the District Court held, the Complaint does not "set forth the precise position [Dejesus] held" and contains "only a very vague description of her duties as a 'promoter' for Healthfirst." (A15.) On appeal, Dejesus incorrectly asserts that her position and a general description of her duties are relevant only to the affirmative defense of exemption under the FLSA. However, the plain language of the FLSA is inescapable and makes clear that a plaintiff's employment status is an element of an FLSA overtime claim. 29 U.S.C. § 207(a)(1) (setting forth "employee"

8

eligibility for overtime pay).  As a result, Dejesus's failure to plead even a single factual allegation concerning her position and duties while at Healthfirst—facts that are indisputably within her possession—is fatal to her assertion that the District Court erred in dismissing her FLSA claim.  (*See infra* Arg. I.)

### The Overtime Element

The District Court also correctly held that Dejesus failed to plead the overtime element of an FLSA claim, which, as Dejesus concedes, requires her to allege that "she actually worked overtime without proper compensation."  (A14-15.)  Consistent with decisions of other Circuits and the majority of district courts in this Circuit that have considered the issue, the court below held that a plaintiff must, at minimum, approximate the number of overtime hours worked in order to properly plead and FLSA claim.  (A15.)  The Complaint contains no such allegation.  Rather, the District Court found that the Complaint's "sole allegation" concerning Dejesus's overtime work—which alleges only that Dejesus "worked more than forty hours per week" in "some or all weeks"—was insufficient to plausibly state the overtime element.  (*Id.*)

The District Court's conclusion that the Complaint fails to state the overtime element is correct for two reasons.  *First*, Dejesus's "sole allegation" relating to her alleged overtime work merely tracks the FLSA's statutory language, which this Court has held is necessarily deemed conclusory and

therefore must be disregarded for purposes of deciding a motion to dismiss. *Second*, the requirement that Dejesus must approximate the number of overtime hours worked to state a plausible FLSA claim is derived directly from the Supreme Court's holding that an FLSA plaintiff must, at minimum, produce sufficient evidence to show the amount and extent of overtime work as a matter of "just and reasonable inference." An employee may satisfy this standard by approximating the number of overtime hours worked through estimates based on her own recollection. Dejesus offers no plausible excuse for her failure to meet her minimal pleading burden, and the District Court's decision should be affirmed. (*See infra* Arg. II.)

## STANDARD OF REVIEW

This Court reviews *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Mortimer Off Shore Serv., Ltd. v. Fed. Republic of Germany*, 615 F.3d 97, 113-14 (2d Cir. 2010). Under settled law, a complaint cannot survive a motion to dismiss under Rule 12(b)(6) unless it "contain[s] sufficient factual matter" to state a claim for relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than "a sheer possibility that the defendant has acted unlawfully." *Id.* It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me

10

accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The purpose of this pleading standard, of course, is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citations omitted).

To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. In addition, while the Court must accept as true a complaint's well-pleaded factual allegations and draw all reasonable inferences in favor of the non-movant, the Court is not required to accept the assertions in the non-moving party's pleading that constitute conclusions of law. *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cause of action under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

## ARGUMENT

To plausibly plead an FLSA overtime claim, Dejesus must "plead factual content that allows the court to draw the reasonable inference" that Healthfirst unlawfully denied Dejesus overtime wages, *Iqbal*, 556 U.S. at 678, and that "give[s] [Healthfirst] fair notice of [Dejesus's] claim and the grounds upon which

11

it rests." *Twombly*, 550 U.S. at 555.  While Dejesus purports to allege an

entitlement to overtime pay under the FLSA, she conspicuously fails to state

either her position held or any approximation of the number of overtime hours

worked—the bare minimum required to plausibly state an FLSA overtime

violation.  Accordingly, the District Court dismissed the Complaint where the

allegations neither support a reasonable inference that Healthfirst is liable for the

failure to pay Dejesus overtime nor provide Healthfirst with the requisite notice

of Dejesus's claim.

In dismissing the Complaint, the District Court identified Dejesus's burden

as follows:

> To properly state a claim under the FLSA, the plaintiff must
> allege that: (1) she was an employee eligible for overtime
> pay; and (2) that she actually worked overtime without
> proper compensation.

(A14).  The District Court found that Dejesus failed to properly allege either of

these required elements.  With regard to the employment element, the District

Court found that the Complaint's allegations were insufficient where they "fail[]

to set forth the precise position [Dejesus] held" and contain "only a very vague

description of her duties as a 'promoter' for Healthfirst."  (A15.)  The District

Court also held that the Complaint fails to plausibly allege the overtime element

because it does not contain "any approximation of the number of unpaid overtime

hours worked, [Dejesus's] rate of pay, or any approximation of the wages due."

12

(A15.)  Because the Complaint does not contain the threshold factual allegations required "to raise a right to relief above the speculative level," this Court should affirm the District Court's dismissal of Dejesus's FLSA claim.  *Twombly*, 550 U.S. at 555 (citations omitted).

## I.   THE DISTRICT COURT CORRECTLY HELD THAT THE COMPLAINT DOES NOT CONTAIN ANY NON-CONCLUSORY ALLEGATIONS CONCERNING DEJESUS'S EMPLOYMENT STATUS

The District Court correctly found that Dejesus fails to plausibly allege the first element of an FLSA overtime claim—that she was an "employee" eligible for overtime pay—because it "fails to set forth the precise position [Dejesus] held" and "gives only a very vague description of her duties as a 'promoter' for Healthfirst."  (A15.)  Instead of simply amending her Complaint to include a statement of her position and description of her job function, Dejesus incorrectly asserts that she is not required to satisfy this minimal pleading requirement, claiming her employment status is relevant only to the affirmative defense of exemption under FLSA section 213.  (App. Br. at 10-13.)  As the FLSA's statutory language makes clear, and as the District Court held below, a plaintiff's employment status is an essential element of an FLSA overtime claim. Nevertheless, Dejesus refuses even to identify the position she held while employed by Healthfirst.

13

**A.    The FLSA Requires Statement of an Employment Relationship to Maintain a Claim for Overtime Payment**

The FLSA's plain language places the initial burden on Dejesus to establish that an employment relationship exists, limiting eligibility for overtime compensation to "employees" who work longer than 40 hours in a given workweek.  29 U.S.C. § 207(a)(1); *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999) ("Those seeking compensation under the [FLSA] bear the initial burden of proving that an employer-employee relationship exists."); *see also Christopher v. SmithKline Beecham Corp*., 132 S. Ct. 2156, 2162 (2012) ("[T]he FLSA obligates *employers* to compensate *employees* for hour in excess of 40 per week." (emphasis added)); *Barfield v. New York City Health & Hosp. Corp.*, 537 F.3d 132, 141-43 (2d Cir. 2008) (setting forth factors of an employer-employee relationship for purposes of FLSA).  Accordingly, the statutory language requires Dejesus to plead facts sufficient to show, *inter alia*, that she was a Healthfirst "employee" eligible for overtime pay.  *See Iqbal*, 556 U.S. at 678 (stating that a claim does not have facial plausibility unless a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); (*see* A14 (citing *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 509 (E.D.N.Y. 2011); *Zhong v. August August Corp*., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007).  In recognition of this pleading burden, the District Court required Dejesus to

14

plead the "precise position she held" and the "duties" she performed while employed by Healthfirst.  (A15.)

Contrary to Dejesus's assertion, however, the District Court did not require her to "plead or prove that she is eligible/non-exempt" under section 213 of the FLSA, which identifies exemptions to the requirement of overtime pay.  (App. Br. at 7, 11.)  Rather, the District Court expressly stated that "[a] claim of exemption under the FLSA is an affirmative defense, on which the *employer* bears the burden of proof."  (A16 (emphasis added).)  In addition, it is indisputable that the District Court did not require Dejesus to plead factual detail that would only be relevant to an exemption defense (*see* A16-17), but rather required only a "minimal" showing sufficient to establish Dejesus's status as an "employee"—a requirement, as shown above, that appears in the FLSA's statutory text.[2]  *E.g., Benshoff,* 180 F. 3d at 140; *Barfield,* 537 F.3d at 141-43. That Dejesus's position and duties may be separately relevant to the affirmative defense of exemption under section 213 of the FLSA does not eliminate her

_____

[2]  Dejesus also misstates the Eastern District of New York's holding in *DeSilva*.  Contrary to her assertion, *DeSilva* did not require proof that plaintiffs in that case were "not exempt" from the FLSA overtime requirement, but rather, specifically directed plaintiffs to amend their complaint to include "what positions were held"—*i.e.*, allege facts sufficient to show plaintiffs were employees eligible for overtime pay.  770 F. Supp. 2d at 508.  Following plaintiffs' amendment to identify their positions, the court dismissed the FLSA claim due to plaintiffs' failure to sufficiently allege the *second* element of an FLSA overtime claim—approximation of overtime hours worked—not, as Dejesus suggests, for plaintiffs' failure to allege they were "not exempt from the Act's overtime pay requirements."  (App. Br. at 10.)

obligation to allege facts regarding her position and duties. Accordingly, and consistent with the FLSA's plain language, the District Court held that in order to meet her burden on the first element of an FLSA claim, Dejesus must plead facts sufficient to allege "that she was an employee eligible for overtime pay." (A14); *see also* 29 U.S.C. § 207(a)(1).

> **B.      Dejesus Fails to Plausibly Allege Her Employment Status as Required by the FLSA**

A statement of one's position to allege eligibility for overtime is an exceedingly low pleading burden. *E.g., DeSilva*, 770 F. Supp. 2d at 508. Yet, Dejesus's Complaint does not meet even this minimal standard on the first prong of an FLSA claim. Rather, the Complaint contains only conclusory statements concerning Dejesus's employment and responsibilities at Healthfirst, which cannot plausibly state an FLSA overtime claim.

Instead of stating her position while employed at Healthfirst, Dejesus's only allegation is a vague assertion that she was employed "to promote insurance programs to the public and to recruit members of the public to join those insurance programs." (A17 ¶ 19.) Such "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice to state the employment element of an FLSA overtime claim. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Further, such vagueness certainly does not "permit the court to infer more than the mere possibility of misconduct" where the court

16

cannot even conclude that Dejesus was an employee eligible for overtime pay.

*Twombly*, 550 U.S. at 557.  The District Court, therefore correctly concluded that

Dejesus's "very vague description of her duties" did not plausibly allege the first

prong of an FLSA overtime claim.  (A15.)

Notably, Dejesus's repeated references to *Willix v. Healthfirst, Inc.*, Civ.

No. 07-01143 (ENV) (RER), an unrelated class action brought against Healthfirst,

underscores the insufficiency of her allegations.  (App. Br. at 5, 6, 21.)  Nothing

in the instant Complaint suggests that Dejesus was a Medicaid marketing

representative—like the *Willix* plaintiffs—or that her job responsibilities had

anything to do with the promotion of Healthfirst's Medicaid insurance

programs—like the *Willix* plaintiffs.  If Dejesus were so assured of her *Willix*-like

status she could easily have pleaded it.  Instead, the boilerplate nature of the

Complaint purposefully obscures the fact that Dejesus performed a *different* job

with *different* responsibilities from the plaintiff class in *Willix*, and accordingly,

the settlement in *Willix*, which in any event is inadmissible evidence, is irrelevant

to Dejesus's claim.[3]

---

[3] In fact, Healthfirst believes that Dejesus would have been a member of the putative class in *Alburquerque*, which alleged an FLSA unpaid overtime violation on behalf of current and former Medicare marketing representatives.  The *Alburquerque* complaint was dismissed on consent with prejudice following plaintiffs' counsel's open-court concession that Healthfirst's Medicare marketing representatives are exempt from the FLSA's overtime requirements as

(Footnote continued on next page)

17

Moreover, Dejesus's use of an unadorned, boilerplate complaint, which is unfortunately becoming prevalent in FLSA litigation, is exemplary of "how not to plead." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, Nos. 10 Civ. 2661 (PAC), *et al.*, 2011 WL 321186, at *6 (S.D.N.Y. Jan. 28, 2011); *see also Pruell v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012). Indeed, the boilerplate Complaint here is virtually identical to another complaint filed by Dejesus's counsel in a separate action alleging an identical FLSA claim against Healthfirst. *See Gonzalez v. HF Mgmt. Servs., LLC*, Civ. No. 12-4826 (JBW) (JMA) (E.D.N.Y.), Compl. [ECF No. 1]. The instant Complaint and that in *Gonzalez* reflect the very antithesis of the fact-based pleading required under *Twombly* and *Iqbal*. As the Southern District of New York has explained in dismissing several similar FLSA complaints:

> The very fact that this boilerplate complaint has been used, with identically vague and conclusory allegations, in more than a dozen actions in New York and elsewhere is a vivid demonstrative of *how not to plead*. The generality of the boilerplate is at war with the requirement that sufficient facts be alleged to make the claim plausible.

*Nakahata*, 2011 WL 321186, at *6 (emphasis added). Accordingly, as the Complaint does not contain any non-conclusory factual allegations concerning

_____

(Footnote continued from previous page)

outside salespersons. (*Alburquerque*, Dec. 9, 2011 Minute Entry and Doc. No. 32 (Stip. of Dismissal dated Dec. 16, 2011 [ECF No. 32]).)

Dejesus's employment at Healthfirst, the District Court correctly held that it fails to state a plausible FLSA claim.

## II.    THE DISTRICT COURT CORRECTLY HELD THAT THE COMPLAINT FAILED TO PLAUSIBLY ALLEGE THAT DEJESUS ACTUALLY WORKED OVERTIME

Not only does Dejesus fail to allege the first element of an FLSA overtime claim—her employment status—she also fails to allege *any* approximation of the number of overtime hours worked—the second element of an FLSA overtime claim.  In this regard, Dejesus agrees with the District Court's holding that in order to plausibly plead an overtime claim, she must allege that "she actually worked overtime without proper compensation."  (*See* App. Br. at 14.) Nevertheless, the Complaint fails to plead this element.

While this Court has not addressed the factual content necessary to plausibly plead the overtime element of an FLSA claim, the overwhelming majority of district-court decisions within this Circuit have held, consistent with the District Court below, that an FLSA claim must, at the very least, contain *some* approximation of the number of unpaid overtime hours that a plaintiff allegedly worked.  *See, e.g.*, *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012) ("At a minimum, it must set forth the approximate number of unpaid [ ] overtime hours allegedly worked.") (citations omitted); *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 304 (E.D.N.Y. 2012) (same); *DeSilva*, 770 F. Supp. 2d at 509 (same); *Nakahata*, 2011 WL

19

321186, at *4 (same); *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441,

447 (E.D.N.Y. 2009) (same); *Zhong*, 498 F. Supp. 2d at 628 (same); *cf Williams

v. Skyline Auto. Inc.*, No. 11 Civ. 4123(SAS), 2011 WL 5529820, at *3-4

(S.D.N.Y. Nov. 14, 2011) (holding that detailed allegations concerning the

employee's position and "comprehensive" allegations concerning the employer's

compensation policy overcame the plaintiff's failure to approximate his overtime

hours (internal quotations omitted) (citations omitted)).  The pleading standard

established by these decisions is consistent with the standard established by

several Circuit courts that have recently decided this issue.  *See Pruell*, 678 F.3d

at 13 (affirming the dismissal of an FLSA claim because, *inter alia*, the complaint

provided no estimates as to the amounts of unpaid overtime); *see Rance v.

Rocksolid Granit USA, Inc.*, No. 08-10193, 2008 WL 2751291, at *2 (11th Cir.

Jul. 16, 2008) (holding that plaintiff failed to state an FLSA minimum wage claim

where the complaint and attached materials provided no evidence of the amount

and extent of work).

Dejesus asks this Court to overturn these well-reasoned decisions, asserting

that she has sufficiently met her pleading burden based on a single allegation in

the Complaint that does nothing more than track the FLSA's statutory language.

(App. Br. at 14-18.)  The Court should reject this argument because:  (1) an

allegation that merely tracks the statutory language is necessarily conclusory and

must be disregarded for purposes of deciding a motion to dismiss; and (2) the requirement to approximate the amount of overtime worked to state a plausible FLSA claim is derived directly from the United States Supreme Court's holding as to a plaintiff's minimum burden of proof on an FLSA overtime claim.

A.    **The Complaint's "Sole Allegation" Relating to Overtime Worked Merely Tracks the Statutory Language and <u>Therefore Does Not Suffice to State a Plausible FLSA Claim</u>**

The Court should affirm the District Court's dismissal of Dejesus's FLSA claim where it contains no allegation of the number of unpaid overtime hours she purports to have worked and therefore fails the plausibility threshold established by the Supreme Court in *Iqbal*.  Under *Iqbal*, any "conclusory" allegations, legal conclusions couched as factual allegations, and "formulaic recitation[s] of the elements of a cause of action" must be disregarded for purposes of the plausibility analysis.  *Iqbal*, 556 U.S. at 678.  Moreover, this Court has made clear that "[a]llegations are deemed 'conclusory' where they recite only the elements of the claim."  *Arar v. Ashcroft*, 585 F.3d 559, 617 (2d Cir. 2009).  Under this standard, the Court must disregard Dejesus's "sole allegation" pertaining to her overtime work (A15), because it does nothing more than recite the statutory standard for the overtime element of her FLSA claim without pleading *any* factual support. *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely

21

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (citations omitted)).

The FLSA statutory language identifies the overtime element of Dejesus's claim as employment "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." FLSA § 207(a)(1). As the District Court found (A15), and as Dejesus concedes (App. Br. at 15), the Complaint contains only one allegation pertaining to Dejesus's actual overtime work (*see* A8 ¶ 24). Parroting the statutory language, Dejesus alleges only that:

> Throughout her employment with the defendant, and at all times relevant herein, plaintiff worked more than forty (40) hours in a week for Defendant in some or all weeks, but was not paid at a rate of at least 1.5 time her regular rate for each and all hours worked in excess of forty hours in a week.

(*Id.*)[4] Dejesus has not pleaded any *facts* in support of this conclusory allegation that merely recites *one* element of her cause of action. Because the Complaint contains only "[t]hreadbare recitals of the elements of a cause of action, supported

---

[4] In her brief, Dejesus also claims that Paragraphs 21 and 27 of the Complaint contain factual content relating to her FLSA claim. (App. Br. at 14-15.) Neither of those paragraphs—which relate only to Healthfirst's alleged compensation policies—addresses whether Dejesus "actually worked overtime," which she agrees she must plead to state a plausible FLSA claim. (*Id.* at 14.)

22

by mere conclusory statements" which "do not suffice" to state a cause of action under Rule 12(b)(6), Dejesus's claim fails to rise above the plausibility threshold. *Iqbal*, 556 U.S. at 678; *see also Pruell*, 678 F.3d at 13 (holding that plaintiffs' allegation that they "regularly worked hours over 40 in a week and were not compensated for such time" was insufficient to state an FLSA claim because "[s]tanding alone, the quoted language is little more than a paraphrase of the statute").

In addition, Dejesus admits in her brief that her allegation that she worked "more than forty (40) hours in a week" without proper compensation is a conclusory allegation that the Court is not bound to accept as true under *Iqbal*. That is, despite arguing at one point, without any support, that this allegation is factual in nature (App. Br. at 15-17), Dejesus later admits that the allegation is, in fact, a legal conclusion in that it sets forth one of "the elements of the claim" (*id.* at 19). Dejesus also concedes the "conclusory" nature of this allegation, stating that "[a]n allegation that plaintiff worked overtime, viewed in isolation, may qualify as conclusory." (*Id.* at 16.) Given that the FLSA defines "overtime" as "a workweek longer than forty hours," Dejesus's Complaint, in fact, contains only the isolated, conclusory allegation that she worked overtime—an allegation that the Court must disregard for purposes of ruling on a motion to dismiss.

Accordingly, as the Complaint contains no factual content to support the legal assertion that she worked overtime—*i.e.*, more than 40 hours per week—in "some or all" of the weeks that she worked at Healthfirst, the Complaint fails to state a plausible FLSA claim as required by *Iqbal*.

**B.      The District Court Correctly Held that Dejesus Must Provide Some Approximation of the Amount of Overtime Worked to State a Plausible FLSA Claim**

This Court should also affirm the District Court's dismissal of Dejesus's FLSA claim because the District Court's holding as to the pleading standard for the amount of overtime worked follows directly from the Supreme Court's decision identifying a plaintiff's burden of proof for an FLSA claim.  In *Anderson v. Mt. Clemens Pottery Co.*, the Supreme Court made clear that the burden was on the plaintiff to prove that she performed overtime work for which she was not properly compensated.  328 U.S. 680, 86-87 (1946) *superseded by statute on other grounds*.  To meet that statutory burden, the Court held that, at a minimum, an FLSA plaintiff must prove that "[s]he has in fact performed work for which [s]he was improperly compensated and [must] produce[] sufficient evidence to show the amount and extent of that work as a matter of *just and reasonable inference*."  *Id.* at 687 (emphasis added).  This Court had made clear that an employee may satisfy the "just and reasonable inference" standard by an approximation of the number of overtime hours worked "through estimates based

24

on [her] own recollection." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011). In other words, the pleading standard adopted by the District Court here is identical to the minimum standard that a plaintiff must satisfy to prove an FLSA claim under the Supreme Court's decision in *Anderson*.

Dejesus raises several arguments as to why *Anderson*'s articulation of a plaintiff's minimum burden of proof does not apply at the pleading stage; none of them has any merit. Most notably, Dejesus incorrectly asserts that *Anderson* and its progeny held that a plaintiff is only required to approximate her hours at the proof stage, and therefore she does not have the burden of pleading even minimal information to support her claim until trial. (*See* App. Br. at 24-25 (asserting that an approximation "is only required in proving the [FLSA] claim at trial and not at the pleading stage").) Contrary to Dejesus's assertion, neither *Anderson* nor any of the other cases she cites addresses a plaintiff's pleading burden or limits the "just and reasonable inference" standard to proof of a claim at trial. *See, e.g., Kuebel*, 643 F.3d at 361-62 (indicating that plaintiff has the burden of meeting the "just and reasonable inference' standard through, at least, "estimates based on his own recollection" without limiting the burden to the proof stage). What is more, the only Court of Appeals decision specifically addressing this issue expressly held that *Anderson*'s "just and reasonable inference" standard applies at the pleading stage. *Rance*, 2008 WL 2751291, at *2 (quoting *Anderson* in affirming

25

district court's dismissal of FLSA claim and holding that plaintiff failed to state an FLSA claim "because his complaint and attached documentation provide no evidence of the amount and extent of his work").

Dejesus next asserts that the District Court's holding that she was required to approximate the amount of overtime is inconsistent with the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). (App. Br. at 22.) Dejesus's reliance is misplaced. Unlike the present case, *Swierkiewicz* did not involve an FLSA claim, but rather, addressed discrimination claims under Title VII and the ADEA. 534 U.S. at 509. In reversing the dismissal of these claims, the Supreme Court held that a complaint alleging unlawful employment discrimination did not have to satisfy a heightened pleading standard akin to the evidentiary standard required to prove a claim at trial. *Id.* at 510-11.

As this Court has noted, however, the continuing viability of *Swierkiewicz* has been called into question by *Iqbal*. *See Schwab v. Smalls*, 425 Fed. App'x 37, 40 (2d Cir. 2011) ("Questions have been raised, however, as to *Swierkiewicz*'s continued viability in light of *Twombly* and *Iqbal*."). While this Court has not decided the issue, the Third Circuit has held that *Swierkiewicz* is no longer good law. *See Fowler v. UPMC*, 578 F.3d 203, 211 (3d Cir. 2009). The Third Circuit reasoned in *Fowler*:

> *Swierkiewicz* is based, in part, on *Conley,* which the Supreme Court cited for the proposition that Rule 8 "relies on liberal

26

discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." 534 U.S. at 512, 122 S. Ct. 992. We have to conclude, therefore, that because *Conley* has been specifically repudiated by both *Twombly* and *Iqbal,* so too has *Swierkiewicz,* at least insofar as it concerns pleading requirements and relies on *Conley.*

*Id.*

However, the Court need not decide the viability of *Swierkiewicz* to affirm the District Court's dismissal because the Complaint here would be insufficient even under *Swierkiewicz.*  Whereas Dejesus has alleged no factual detail concerning the overtime she actually worked, as shown above, the complaint in *Swierkiewicz* "detailed the events leading to [the plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination."  534 U.S. at 514.  Moreover, unlike *Swierkiewicz*, where a plaintiff pressing discrimination claims could obviate the need to prove a *prima facie* case of discrimination under certain circumstances, *see id.* at 511, an FLSA plaintiff must prove that "he has in fact performed work for which he was not properly compensated," regardless of whether the employer has kept proper records.  *Anderson*, 328 F.3d at 686-87.  Thus, *Swierkiewicz* provides no support for permitting the Complaint here, which is devoid of any facts showing that Dejesus worked overtime, to survive a motion to dismiss.

The Court should also reject Dejesus's assertion that the District Court erred in requiring her to allege facts that are "peculiarly" within the possession and control of Healthfirst.  (App. Br. at 28-30.)  As an initial matter, Dejesus's argument is flawed because if she actually worked overtime, then the facts required to be alleged are not "peculiarly" in Healthfirst's possession, but rather, are available from "h[er] own recollection."  *See Kuebel*, 643 F.3d at 362 ("[A]n employee's burden in this regard is not high.  It is well settled among the district courts of this Circuit, and we agree, that it is possible for a plaintiff to meet this burden through estimates based on h[er] own recollection.").  Thus, Dejesus "'should know approximately how many hours [she] worked per week,'" and "'[t]he facts necessary to state a claim . . . are not peculiarly within the possession of [Healthfirst].'"  *See DeSilva*, 770 F. Supp. 2d at 510 (quoting *Pruell v. Caritas Christi*, No. 09-11-4466-GAO, 2010 WL 3789318, at *4 (D. Mass. Sept. 27, 2010)) (second alteration in original).

Similarly, there is no support for Dejesus's assertion that the record-keeping requirements that the FLSA imposes on employers relieve her of her pleading obligations under Federal Rule of Civil Procedure 8(a)(2).  To the contrary, this Court has made clear that the *Twombly/Iqbal* plausibility standard "applies to *all* civil actions," and that a plaintiff is not relieved from her pleading obligations even "where the facts are peculiarly within the possession and control

28

of the defendant." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (emphasis added).  Instead, under such circumstances, a plaintiff must at the very least "plead[] facts alleged 'upon information and belief'" to state a plausible claim.  *Id.* (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008)).  In this case, it is indisputable that Dejesus has not done so.

Accordingly, the District Court correctly held that the Complaint fails to state an FLSA claim because it does not provide *any* approximation of the amount of overtime that Dejesus actually worked.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Dejesus's appeal and

affirm the District Court's dismissal of her claims in all respects.

Dated:   New York, New York
         February 7, 2013

Respectfully submitted,

LEVINE LEE LLP

By:   */s/ Seth L. Levine*
      Seth L. Levine

Seth L. Levine
Scott B. Klugman
570 Lexington Avenue, 7th Floor
New York, New York  10022
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
slevine@levinelee.com

LITTLER MENDELSON, P.C.
Andrew P. Marks
900 Third Avenue
New York, New York 10022
Telephone: (212) 583-9600
Facsimile: (212) 832-2719
amarks@littler.com

*Attorneys for Defendant-Appellee*
   *HF Management Services, LLC*